Estate of Ogg: WICK, by Guardian *ad litem,* Appellant, vs. First National Bank, Administrator, and others, Respondents.

*December 1—December 30, 1953.*

For the appellant there was a brief and oral argument by *George A. Solsrud* of Madison.

For the respondents there was a brief by the *Attorney General* and *Warren H. Resh,* assistant attorney general, for the Regents of the University of Wisconsin and other charitable beneficiaries, and *Ela, Christianson & Ela* of Madison for the President and Fellows of Harvard University, and oral argument by *Mr. Resh.*

FAIRCHILD, J.   Appellant seeks a reversal of the determination of the county court in its ruling that upon the death of Grace L. Ogg and Leona Henne Wick, the trust referred to in the above statement of facts does not terminate; and that the Wicks are not entitled to any of the corpus, other,

of course, than that which is specifically devised and bequeathed to each.

The testator's plan for disposition of his estate appears sufficiently from the will itself. The three clauses of the will significant in determining the question on this appeal are: (1) Paragraph Second, which makes specific bequests to the Wicks (and others); (2) paragraph Third, which disposes of the residue of the estate after the specific bequests have been made; (3) paragraph Fifth, which provides for the disposition of lapsed gifts, bequests, legacies, or devises.

After the specific bequests of paragraph Second have been made, paragraph Third provides that the residue shall be given to a trustee, who is charged with the distribution of the yearly net income to certain named beneficiaries. Among these beneficiaries are the three Wicks. Paragraph Third affects the Wicks in two ways: (1) Each is to receive ten per cent of the *yearly net income*. (2) If any one of the Wicks dies, his or her share is to go to the survivors.

In order to give effect to this last provision, we must interpret "his or her share" as referring to "yearly net income" and not to the corpus; for if the corpus were meant, the trust would end immediately, such corpus would be beyond the control of the trustees, and, upon the death of one of the Wicks, it would be impossible for the trustees to apportion his or her share among the survivors, as directed by the will.

The interest of each Wick is limited by the terms of the will to his respective share of the net income. He has no vested interest, and his survivors therefore have no vested interest. Because there is no vested interest to descend, with the death of the last Wick, his capacity to take ceases to exist. The provision for the last survivor, as well as for each of the others, was but the granting of· an income for life. See *Anderson v. Menefee* (Tex. 1915), 174 S. W. 904, and other cases cited under the heading "Vested Estate" in 44 Words and Phrases (perm. ed.), p. 170.

It is argued that because there is no direct provision for this portion of income going over to any other beneficiary when the last Wick dies, the testator intended the last Wick to have 30 per cent of the corpus. However, paragraph Fifth is significant at this point. That paragraph provides:

"Fifth: In case any gifts, bequests, or legacies or devises should lapse for any reason whatsoever, then I direct that such gifts, bequests, or legacies or devises shall first be employed toward assuring payment of all other bequests in full, and if not needed for this purpose, shall pass into the residuary clause of this will and be disposed of in accordance with said clause."

Since with the death of the last Wick his capacity to take ceases to exist and since he has no vested interest, it is clear that with the death of the last Wick the bequest of 30 per cent of the income from the residuum lapses and paragraph Fifth becomes effective.

The remaining 70 per cent of the residue of the estate given to the trustee under paragraph Third was to be distributed in various percentages to certain named charitable and educational institutions. These have not appealed. In its judgment the county court determined that "it is not necessary at this time to construe paragraph Third as to whether or not said testator intended to create thereby a perpetual trust and that said construction be and the same is hereby deferred until said construction becomes necessary." We see no occasion for reviewing at this time the county court's determination as to this matter.

*By the Court.*—Judgment affirmed.